**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------x

ROLAND PETITPHARE                              CV DOCKET #
                                               VERIFIED COMPLAINT

                               Plaintiff,      TRIAL BY JURY
    -against-                           DEMANDED

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT   and  JOHN DOE OFFICERS

                          Defendants.
----------------------------------------x

      Plaintiff  ROLAND PETITPHARE, by Michael N. David, her attorney,

complaining of the defendants herein, alleges and respectfully shows to this Court, upon

information and belief:


<u>Jurisdiction and Venue</u>

    1.  This action is brought pursuant to 42 U.S.C. Section 1983 and in

accordance with the Fourth and Fourteenth Amendments of the Constitution of the United

States of America. Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section

1343(3).


    2. Venue is proper in the Eastern District of New York pursuant to 28

U.S.C. 1391(b) as a substantial part of the events or omissions giving rise to the claims

occurred in this District.

<u>Parties</u>

3. Plaintiff ROLAND PETITPHARE,, is a natural person who at all times relevant hereto was and is a resident of the County of Kings, State of New York.

4. At all times relevant hereto, the defendant, the City of New York (hereinafter, "City"), was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

5.At all times relevant hereto, the New York City Police Department (hereinafter, "NYPD"), was a department, division, and governmental sub-unit of the defendant City.

6. The NYPD, at all times relevant hereto, was a policy maker for the defendant City, within the meaning of Title 42 U.S.C. 1983, *et seq*

7. At all times relevant hereto, the defendant, JOHN DOE OFFICERS were police officers employed by the defendant NYPD.

<u>Factual Allegations Common to All Claims</u>

8. That on or about June 2, 2023 or about 7 p.m. the plaintiff was arrested and brought to the defendant NYPD'S 67th precinct 2820 Snyder Ave, Brooklyn, New York.

9. That while in the custody and care of the defendants at the 67th precinct without just cause or provocation the aforesaid defendants some unknown assaulted and battered the plaintiff.

## **EXCESSIVE FORCE**
## **COUNT ONE**

10. The previous paragraphs are incorporated herein inclusively as if fully set forth.

11. As a direct and proximate result of the above-referenced unlawful and

malicious physical abuse of plaintiff by defendants committed under color of state law, plaintiff sustained bodily harm resulting in his hospitalization and was deprived of his rights to be secure in his person against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

12. As a direct and proximate cause of the malicious and outrageous conduct of Defendants as set forth above, plaintiff suffered severe bodily injuries, from the incident and caused to experience excruciating pain and suffering.

13. By reason of the above Plaintifft was injured, suffered great mental anguish, was deprived of his constitutional rights as described above .

## UNLAWFUL CUSTOM, PRACTICE, POLICY/ INADEQUATE TRAINING
### COUNT TWO

14. The previous paragraphs are incorporated herein inclusively as if fully set forth.

15. Defendants THE CITY OF NEW YORK and the NYPD are vested by state law with the authority to make policy on the use of force and the handling and/or supervision of detainees.

16. At all times mentioned herein, Defendants JOHN DOE OFFICERS were acting under the direction and control of said Defendants THE CITY OF NEW YORK and the NYPD and were acting pursuant to the official policy, practice or custom of said defendants.

17. Acting under color of law pursuant to official policy, practice, or custom, the Defendants intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline, on a continuing basis,

Defendants JOHN DOE OFFICERS    in their duties to refrain from:(1) unlawfully and maliciously assaulting and battering detained individuals and/or using unreasonable and excessive force.

17. Defendants THE CITY OF NEW YORK  and the NYPD were aware of numerous similar encounters involving Defendants JOHN DOE OFFICERS  whereby they customarily  and frequently subjected individuals held in custody to physical and mental abuse;  unlawfully and maliciously assaulted and battered detaineess; and/or used unreasonable and excessive force on detainees.

18. Despite their awareness, Defendants THE CITY OF NEW YORK  and the NYPD failed to employ any type of corrective or disciplinary measures against Defendants JOHN DOE OFFICERS.

19. Defendants THE CITY OF NEW YORK  and the NYPD had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants JOHN DOE OFFICERS  on a continuing basis, should have had knowledge that the wrongs which were done,as heretofore alleged, were about to be committed.

20. Defendants THE CITY OF NEW YORK  and the NYPD had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

21. Defendants THE CITY OF NEW YORK  and the NYPD directly or indirectly, under color of state law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants JOHN DOE OFFICERS   heretofore described.

22. As a direct and proximate result of the acts of Defendants as set forth herein, Plaintiff suffered severe bodily injuries, from the incident until his death, and caused to experience excruciating conscious pain and suffering in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United Statesand protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff demands judgment against Defendants on this Count together with attorney's fees, punitive damages interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

COUNT THREE as to<br>Defendant The City Of New York for Negligence

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs hereinabove, as if more fully set-forth herein at length.

24. The above-described injuries to the plaintiff are the proximate result of the negligence of the defendant The City of New York in that said defendant did not exercise reasonable care in the hiring, employment, training, retention and supervision of its employees, which employees include, without limitation, the individual defendants and other officers of the NYPD.

25. Defendant The City of New York had, or should have had, knowledge of the violent and agressivel conduct and other illegal and improper conduct of its employees, including without limitation, the individual defendants and other officers and detectives of its police department, and, defendant The City of New York failed to exercise reasonable care by

retaining and by not terminating its employment of those employees, or taking other corrective measures.

26. By reason of the foregoing, plaintiff suffered serious physical and mental injuries, fright, nervous shock and hysteria; was caused to expend sums of money for medical services and pharmaceuticals; was subjected to great indignity, humiliation, mental anguish and pain; was prevented from enjoying the normal fruits of his activities, including but not limited to social, educational and economic; was required to engage the services of counsel; and was injured in his good name and reputation.

## COUNT FOUR
### as to All Defendants Under Title 42 U.S.C. 1983, *et seq.*

27.Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs hereinabove, as if more fully set-forth herein at length.

28. The hereinabove described actions and omissions, engaged in under color of state law by the defendants, including defendant The City of New York, sued as a person within the meaning of Title 42 U.S.C. 1983 *et seq.*, deprived the plaintiff of rights secured to him by the Constitution and laws of the United States, including, but not limited to, himr First Amendment right to freedom of expression, her Fourth Amendment right to be free from unlawful seizure of her person, her Fifth, and Fourteenth Amendment rights to due process of law and to the equal protection of the laws, including the right to be free from unjustified and excessive force utilized by police, her Eighth Amendment right to be free from cruel and unusual punishment, and Title 42 U.S.C. 1983 *et seq.*

29. By reason of the foregoing, plaintiff suffered serious physical and mental injuries, fright, nervous shock and hysteria; was caused to expend sums of money for medical

services and pharmaceuticals; was subjected to great indignity, humiliation, mental anguish and pain; was prevented from enjoying the normal fruits of her activities, including but not limited to social, educational and economic; was required to engage the services of counsel; and was injured in her good name and reputation.

WHEREFORE, plaintiff demands judgment against the defendants on all causes of action in an amount to be determined upon the trial of this action together with interest from June 2, 2023, and with the costs and disbursements of this action.

<u>Jury Demand</u>

Plaintiff, pursuant to Federal Rule of Civil Procedure 38, hereby demands a trial by jury on all issues triable of right by jury.

Dated: New York, New York
      May 31, 2023

Yours etc.,

/s/ Michael N. David
MICHAEL N. DAVID (MND-5576)
*Attorney for Plaintiff*
14 Wall Street, 20th Floor
New York, New York 10005
Telephone: (212) 363-1997

.